Charles D. RAGLAND, Commissioner of Revenues *v.*
MOUNTAIN VALLEY SPRING COMPANY

85-78                                                                    696 S.W.2d 710

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Timothy J. Leathers, Joseph V. Svoboda, Wayne Zakrzewski, Kelly S. Jennings, Ann Kell, Joe Morphew*, and *Michael D. Munns*, by: *John H. Theis*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

GEORGE ROSE SMITH, Justice. The appellee is engaged in the business of selling Mountain Valley water taken from its spring in Garland County, to distributors throughout the United States. The water is distributed in ½-gallon and 5-gallon glass bottles which the appellee purchases outside Arkansas. For the three years in issue the appellant levied a use tax of $23,225.14 against the appellee, on the theory that it is using the bottles in its business. The appellee seeks a refund, on the theory that it is purchasing the bottles for resale, a tax-exempt transaction. Ark. Stat. Ann. §§ 84-3106(B) and 84-1904(i) (Repl. 1980). The chancellor agreed with the taxpayer and ordered repayment of the tax.

Opposing counsel in effect agree that the pivotal question is whether the facts in this case bring it within our decision in *Arkansas Beverage Co.* v. *Heath*, 257 Ark. 991, 521 S.W.2d 835 (1975). There a PepsiCola dealer bought its bottles for 9 cents and charged its customers a refundable deposit of 3 cents a bottle. Each bottle was reused an average of ten times. We rejected the dealer's argument that it was buying the bottles for 9 cents and reselling them for 3 cents.

Here the chancellor was right in finding the facts to be materially different from those in *Heath*. The appellee sells only to distributors, not directly to consumers. Its contracts with distributors provide that Mountain Valley Spring Company will sell bottles to the distributor at cost. It does that. It buys ½-gallon bottles in cartons of six for $3.58 and sells them to distributors for $3.60. It buys 5-gallon bottles for $5.25 each and sells them for $5.25. The distributor ordinarily requires a deposit from the customer. The New York distributor, for example, paid over $18,000 to the State of New York as use taxes on the bottles it bought during the three years in issue. That illustrates the purpose of our exemption, to prevent the same commodity from being taxed twice.

When a distributor returns empty bottles to Mountain Valley, the distributor is credited with having that many bottles on hand. No credit is given for broken bottles. When the distributor's next order is filled, no charge for bottles is made up to the number the distributor has on hand; any additional bottles

must be paid for.

■ It is at once apparent that there are significant differences between this case and *Heath*. There we refused to accept the premise that the dealer was selling a 9-cent bottle for 3 cents. Obviously we said, the dealer expected to get its bottles back; otherwise it could not remain in business. Here it is immaterial to Mountain Valley whether the bottles are returned or not. If a bottle is lost or broken, the distributor or consumer bears the loss. Thus the facts support a finding of an actual resale, a conclusion reinforced by the distributors' payment of use taxes elsewhere. Thus the transaction falls within the sales tax exemption of sales for resale, § 84-1904(i), which is carried forward into the use tax law. § 84-3106(B).

Affirmed.

PURTLE, J., not participating.